By the Court, Cowen, J.
The single question is, whether the defendants had a right to plead de novo after the amendment. By 2 R. S. 343, § 1, 2d ed., the court may allow an amendment; and if the amendment be to any pleading in matter of substance, the adverse party shall be allowed to answer. (Id. § 2.) Where the amendment is of course, the right to answer follows by the express provisions of the 25th rule. Where the amendment is on special motion, and the rule gives no direction as to pleading de novo, our rules make no express provision on the subject, nor has any case been cited in this court declaring what the defendant’s rights are. The English practice both in the K. B. and C. B. seems to allow of a plea de novo in all cases, at the election of the defendant; the amended declaration being considered equivalent to a new one, and all subsequent pleadings as in effect stricken out. (Tidd, 469, 474, 707, *558 Am. ed. of 1840; Huckvale v. Kendal, 3 Barn, & Ald. 137.) In the case cited, the plaintiff, as in the case at bar, amended after the 'general issue pleaded, served the amended declaration, and, after' the time for pleading- had expired, was allowed to enter a default, without demanding a plea. In Anon., (2 Salk. 517,) Holt, Ch. J. said. “ anciently they did not plead de novo after an amendment. The practice of pleading de novo is but of late introduced; but with great reason,” (See also Barry v. Rodney, 2 Chit. Rep. 332 ; Blunt v. Morris, 2 Bl. Rep. 785; Barton v. Moore, 8 T. R. 87.)
In Penny v. Van Kleef (1 Hall, 165,) the declaration being . amended in substance, the court gave éxpress leave for the defendant to withdraw his former plea and plead de novo. Similar leave in a like Case was granted by this court In Bogert v. McDonald, (2 John. Cas. 219;) and such, I apprehend, has been the usual practice. It is the course which seems to have been contemplated by the statute already cited,' This gives the general power to amend, and requires leave to answer in those cases only where the amendment is substantial. Special leave . Seems to have been given in Farrington v. Suydam, (9 Wend. 430,) on allowing the plaintiff to change the venue after plea; though I admit the case may, in one view, be regarded as implying a right to plead at all events. The case of Baltus v. Bayard, (12 Wend. 228,) was similar, except that the amendment was substantial. I rather think both cases are to be set down as giving special directions.
On the whole, the better practice probably is, if it be not already established, to consider amendments of pleadings on motion as implying no leave to answer or other terms beyond those which.are brought to the' notice of the court and expressed in'the rule. The plaintiff was therefore regular;
The practice seems, however, to have been unsettled in this court; and the defendants have followed that of the English courts. Moreover, new pleadable matter seems to have arisen, at least knowledge of such matter, since the first plea was interposed. Perhaps it might have come in under the old plea; but this depends on the time when it arose; and the matter is *559 clearly pleadable in itself. As the case stands now, the matter has not been and cannot be tried in any way. The defendants had much reason to believe the rules of practice were with them, and must be regarded therefore as having gone on "in .good faith.
On the whole, let the verdict and subsequent proceedings be set aside, with leave to the defendants to plead de novo within twenty days after notice of the rule, without costs.
Ordered accordingly.